WALLACE, JUDGE:
On or about December 8, 1978, at 6:30 p.m., the claimant was proceeding in an easterly direction on State Route 50/37, commonly referred to as the Murphytown Road. It was dark and a little rain was falling, although it had been raining hard a little earlier. The road at the point of the accident is a two-lane asphalt road, descending slightly as one proceeds in an easterly direction. On the north side of the road is a hillside which is interspersed with rock ledges, and a wide berm is on the southerly side of the road.
Claimant testified that he was operating his 1957 Chevrolet automobile at a speed of about 40 miles per hour when he observed rocks not only on the road, but also falling from the hillside on the north side of the road; that one large rock in particular rolled directly into his lane of travel, and that he was unable to avoid striking it. As a result, according to the claimant, the entire front end of his automobile was demolished. An estimate from Wharton Cadillac-Olds Co. of Parkersburg was introduced into evidence reflecting damages in the amount of $240.00. The claimant’s *74 testimony as to the facts of the accident was corroborated by a guest passenger in his vehicle, Mary Hayes. The claimant contended that respondent was negligent in failing to erect any signs warning motorists of the danger of falling rocks and failing to bench the hillside, which, of course, is one method of avoiding the possibility of rock slides.
Vernon Marlow, respondent’s Wood County Superintendent, testified that he was notified of the rock slide through phone calls and that he personally went to the scene and supervised the removal of the rocks and other debris from the road. He confirmed the claimant’s testimony that there were no warning signs posted in the area, but, in explanation, he stated that they had never experienced any difficulty with rock slides in this particular area. Elden M. Guinn, Jr., an employee of respondent who performed the removal of the rocks from the road with an endloader, confirmed Mr. Marlow’s testimony, indicating that during his prior tenure of employment of 2Vz years with respondent, no problems with rock slides in this area had arisen.
This Court has, through the years, been presented with claims of a similar nature, and, with few exceptions, has declined to make awards primarily on the basis that respondent is not an insurer of motorists using the highways of this State. Awards have been made in some claims when it has been demonstrated that the Department of Highways knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and failed to take adequate precaution to remove the hazard or warn motorists. This Court is of the opinion that the claimant has failed to establish by a preponderance of the evidence the necessary elements of liability on the part of respondent. See Hammond v. Department of Highways, 11 Ct. Cl. 234 (1977), and cases cited therein. For the reasons hereinabove expressed, this claim is denied.
Claim disallowed.